UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dean Thompson and Lolly Ann Thompson,

Plaintiffs,

vs.

Lutheran Brotherhood and Lutheran Brotherhood Variable Insurance Products Company,

Defendants.

Civil No. 01-2433 (DSD/JMM)

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

The parties hereby stipulate:

1. The purpose of this Stipulated Protective Order is to facilitate expeditious discovery and exchange of information and documents in this litigation and protect the interests of the parties in their confidential and commercially-sensitive information and documents in accordance with Fed. R. Civ. P. 26(c)(7).

2. All documents not believed to be previously disclosed or disseminated outside the client or its counsel, shall be treated as confidential.

3. This "Confidential" information shall be used solely for the purpose of this action (including any appeals), and not in any other litigation, and not for any business or other purpose whatsoever. "Confidential" information may not be disclosed to anyone unless expressly provided for herein:

a. A party may, without any waiver of "Confidential" status, disclose to any person "Confidential" information of which it is the source.

MAR 2 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. A party may disclose "Confidential" information of which it is not the source as follows:

i. "Confidential" information may be used in the taking of testimony at, or in defending, any deposition, hearing or trial in this action.

ii. "Confidential" information may be used in any oral or written argument in the case.

iii. "Confidential" information may be shown to any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial.

iv. "Confidential" information may be disclosed to the Court and its personnel, including court reporters.

v. "Confidential" information may be disclosed to employees and members of the law firms of counsel of record (including in-house counsel for the defendants and employees acting on their behalf).

vi. "Confidential" information may be disclosed to experts and independent consultants engaged by counsel of record, and to employees of such experts or consultants, after they have signed a non-disclosure agreement in the form attached as Exhibit A hereto.

vii. "Confidential" information may be disclosed to all parties, including officers, directors, and employees of the defendants, both present and former, who are providing assistance to counsel in the defense of this matter.

viii. "Confidential" information may be disclosed to any other person if (i) the parties agree after conferring in good faith that the person may have access to "Confidential" information; or (ii) the Court orders upon motion with good cause shown that the person may have access to "Confidential" information.

4. Except as otherwise provided in this Order, any disclosure or dissemination of "Confidential" information shall be preceded by execution of a declaration substantially in the following form:

> I, (name), understand that documents and information which are to be disclosed to me by counsel of record for (name of party) are to be used by me solely to assist such counsel in prosecution or defense of claims involved in or related to the action *Dean Thompson and Lolly Ann Thompson v. Lutheran Brotherhood and Lutheran Brotherhood Variable Insurance Products Company*, Civil No. 01-2433 (DSD/JMM), United States District Court for the District of Minnesota. I further understand that a Protective Order entered by the Court, a copy of which has been shown to me, prohibits me from either using such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record for (name of party) or persons assisting them. In accepting disclosure, I agree to be bound by that Protective Order and submit to the jurisdiction of the Court for the purposes of its enforcement.

Copies of these declarations shall, upon request, be exchanged by counsel after the final resolution of this litigation. Although the confidentiality requirements of this Protective Order shall in all other respects apply to the following persons, such declarations shall not be required of:

a. Counsel of record and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis and not solely for purposes of the instant litigation; and

b. The parties or their employees, officers, and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with this litigation.

5. If it becomes necessary for a party to file "Confidential" information with the Court, either directly or as a part of another paper, the party shall file the papers in a sealed container labeled substantially as follows:

> PROTECTED DOCUMENT – FILED UNDER SEAL
> The enclosed materials are subject to a Protective Order of the United States District Court for the District of Minnesota. This container shall not be opened by any person other than the Court, the Court's personnel, or Counsel of Record, without Court Order

The Clerk of Court shall accept for filing under seal, and shall file under seal, any information so presented for filing, and shall maintain the material under seal pending any further order of the Court; provided, however, that no further order shall be required for the Court, the Court's personnel, or Counsel of Record to have access to the material in the ordinary courts of business and/or for purposes of this litigation.

6. Counsel of record shall retain throughout this litigation the non-disclosure agreements executed by parties receiving "Confidential" information pursuant to this Protective Order, and shall then exchange them upon request at the conclusion of the litigation. If any party has good cause to believe that another party has improperly disclosed

"Confidential" information, it may move for an order allowing it to inspect the non-disclosure agreements before the conclusion of the litigation.

7. At the conclusion of this litigation, everyone other than counsel of record to whom "Confidential" information has been disclosed pursuant to paragraph 3 above shall return that information to the counsel of record who disclosed it; counsel of record shall then arrange for the return of all "Confidential" information and all copies thereof to the party that designated the information as "Confidential," or shall, at the option of the designating party, arrange for the "Confidential" information and all copies thereof to be destroyed. Upon request, counsel of record shall certify in writing that they have complied with this paragraph. If requested to do so by the counsel of record who disclosed "Confidential" information to them, persons other than counsel of record to whom "Confidential" information has been disclosed also shall certify in writing that they have complied with this paragraph.

8. Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information.

9. This Protective Order shall be binding on any future party to this litigation

10. This Protective Order shall continue in force after the completion of this litigation.

11. This Protective Order shall not prohibit a party from disclosing "Confidential" information in response to a subpoena duly served on the party, provided that the subpoenaed party notifies the designating party, in writing, prior to disclosure and within two (2) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further provided that the subpoenaed party shall not disclose

the "Confidential" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

12. In entering into this Protective Order, the parties preserve all rights and objections they may have to the use of this lawsuit of "Confidential" information.

SO STIPULATED this 26th day of March, 2002.

Dated: March 26, 2002

LARSON • KING, LLP

Richard W. Bale, #209727
Kari J. Thurlow, #030008
2800 Minnesota World Trade Center
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 31206618

MAINSTREET LAW FIRM
James E. Rolshouse, #154105
Metropolitan Center 2100
333 South Seventh Street
Minneapolis, MN 55402

CAPRETZ & ASSOCIATES
James T Capretz
Larry A. Sebastian
5000 Birch Street, Suite 2500
Newport Beach, CA 92660
Telephone: (949) 724-3000

ATTORNEYS FOR PLAINTIFFS

Dated: 3/25, 2002

FAEGRE & BENSON LLP

Edward T. Wahl, #15409X
Michael F. Cockson, #280549
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (6120 766-1600

ATTORNEYS FOR DEFENDANTS

IT IS SO ORDERED.

Dated: March 27, 2002

JOHN M. MASON
U.S. Magistrate Judge

**EXHIBIT A**

Non-Disclosure Agreement

I, ____________________________, do solemnly swear that I have read the terms of the Protective Order entered in *Dean Thompson and Lolly Ann Thompson v. Lutheran Brotherhood and Lutheran Brotherhood Variable Insurance Products Company*, Civil No. 01-2433 (DSD/JMM), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I understand that documents and information which are to be disclosed to me by counsel of record for ____________________________ are to be used by me solely to assist such counsel in prosecution or defense of claims involved in or related to the action *Dean Thompson and Lolly Ann Thompson v. Lutheran Brotherhood and Lutheran Brotherhood Variable Insurance Products Company*, Civil No. 01-2433 (DSD/JMM), United States District Court for the District of Minnesota. I further understand that a Protective Order entered by the Court, a copy of which has been shown to me, prohibits me from either using such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record for __________________________ or persons assisting them. In accepting disclosure, I agree to be bound by that Protective Order and submit to the jurisdiction of the Court for the purposes of its enforcement.

Signed:_______________________________________

Title:_______________________________________

Dated:_______________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01