UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DEAN THOMPSON and LOLLY ANN THOMPSON

Plaintiffs,

Court File No.01-cv-2433 DSD/JMM

vs.

**STIPULATION AND ORDER**

LUTHERAN BROTHERHOOD and
LUTHERAN BROTHERHOOD
VARIABLE PRODUCTS COMPANY

Defendants.

Plaintiffs and Defendants Lutheran Brotherhood and Lutheran Brotherhood Variable Products Company ("Lutheran Brotherhood") hereby stipulate and agree as follows:

1. This action was commenced by filing of the Complaint on December 28, 2001, and Lutheran Brotherhood hereby waives any defense of this action based on insufficiency of service of process.

2. The consolidated class action captioned In Re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation, No. 99-MD-1309 (PAM/JGL) is pending in the United States District Court for the District of Minnesota and has been pending (before consolidation) since February 23, 1999. A class was certified in that case. The Court in In Re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation has ordered the delivery of a class notice to the certified class, and counsel believe that some or all of the Plaintiffs in this litigation may receive class notice indicating that they may be considered class members for purposes of that litigation.

FILED MAR 27 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Plaintiffs and Lutheran Brotherhood further acknowledge that, if the Plaintiffs in this case receive class notice in In Re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation, they have the choice either to participate as class members or to opt out of the class. This choice to remain a class member or to opt out must be exercised as specified in the class notice and in accordance with the schedule that has been approved by the Honorable Paul A. Magnuson in that litigation. The parties believe that the deadline to participate or opt out of the class will be no later than June 11, 2002.

4. To encourage the efficient use of judicial resources and of the parties' resources, Plaintiffs and Lutheran Brotherhood agree and stipulate to the following schedule for answering or otherwise moving in this matter. Lutheran Brotherhood shall answer or otherwise move in response to the Complaint in this matter no later than August 3, 2002.

5. Except as provided herein, the time for Lutheran Brotherhood to respond to pending written discovery shall be extended to August 3, 2002, and this response shall include the actual production and delivery of copies of the individual files and records maintained by Lutheran Brotherhood specifically relating to the named Plaintiffs in this action. Notwithstanding the above, Plaintiffs and Lutheran Brotherhood have entered into a confidentiality agreement/protective order substantially identical to the confidentiality agreement/protective order that was agreed to by the parties in In Re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation, and that Plaintiffs may review and copy documents and any other material previously made available and/or produced to the plaintiffs in In Re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation.

6. If Lutheran Brotherhood brings a dispositive or other motion against the Plaintiffs, Lutheran Brotherhood agrees it will respond to pending written discovery and produce copies of the individual files and records maintained by Lutheran Brotherhood specifically relating to the named Plaintiffs in this action within five (5) days of the service of said motion, but in no event later than August 3, 2002.

7. The parties have submitted a Rule 26(f) Report containing a case management schedule that takes into account the schedule for In Re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation, including the class opt-out period, and agree that the Court should defer entry of a scheduling order in this case until after the class opt-out period closes on or about June 11, 2002 in order to take into consideration at that time the existence of any cases brought by potential class members that opt-out following class notice. Therefore, the parties agree and respectfully propose to the Court that a second pre-trial scheduling conference in this case take place on June 18, 2002 to consider the scheduling issues of this case and any other related cases against Lutheran Brotherhood.

Dated this 26th day of March, 2002.

**LARSON • KING, LLP**

[signature]
Richard W. Bale (209727)
Kari J. Thurlow (303008)
1500 Landmark Towers
345 St. Peter Street
St. Paul, MN 55102
(651) 312-6500

MAINSTREET LAW FIRM
James E. Rolshouse (154106 )
Metropolitan Center 2100
333 South Seventh Street
Minneapolis, MN 55402

CAPRETZ & ASSOCIATES
James T. Capretz
5000 Birch Street, Suite 2500
Newport Beach, CA 92660
(949) 724-3000
Attorneys for Plaintiffs

and

**FAEGRE & BENSON LLP**

______________________________
Edward T. Wahl (15409X)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Attorneys for Defendant

**ORDER**

IT IS SO ORDERED.

Dated: March 27, 2002

Magistrate Judge John M. Mason

lk_library:40466.1